

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARLOS MCCAIN, | § | No. 08-19-00219-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20180D02769) |
| | § | |

## __MEMORANDUM OPINION__

Appellant, Carlos McCain, appeals his conviction of sexual assault of a child and asks this Court to reverse and remand the case for a new trial.[1] *See* TEX.PENAL CODE ANN. §§ 22.011, 12.42(c)(2)(defining enhanced punishments for prior sexual assault convictions). Counsel for Appellant filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 744 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). Appellant timely filed a notice of appeal. Appellant also filed a *pro se* brief, contending that the State varied the indictment rendering it impermissible, denied Appellant his right to confrontation of witnesses, denied him an impartial jury, and that he suffered ineffective assistance of counsel. The State, thereafter, filed a response brief addressing Appellant's *pro se* appeal. We affirm.

---

[1] A motion for a new trial was not filed or ruled upon.

**FACTUAL SUMMARY**

The State indicted Appellant for sexual assault of a child with a prior felony conviction of sexual assault. A jury found Appellant guilty of sexual assault of a child as charged in the indictment. Appellant stipulated to previous convictions of sexual assault of a child, failing to comply with the sex offender registration, failing to comply with the sex offender registration with a previous conviction, possession of a controlled substance, and burglary of habitation. The trial court sentenced Appellant to life in prison pursuant to the Texas Penal Code § 12.42(c)(2), finding Appellant had been previously convicted of sexual assault of a child.

### *Analysis Pursuant to Anders v. California*

Appellant's court-appointed counsel filed a motion to withdraw, along with a brief stating that no meritorious issues of appeal exist that could conceivably support reversal of the trial court's judgment. Counsel's brief presents a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See Anders,* 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Additionally, counsel notified the Court in writing that he delivered a copy of the brief and motion to withdraw to Appellant, and he has advised Appellant of his right to review the record, and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex.Crim.App. 2014)(setting forth duties of counsel). In addition, Counsel also stated he provided Appellant with a copy of the trial court's record and reporter's record in compliance with *Kelly*. *Id*.

McCain filed a *pro se* brief in response. The Court of Criminal Appeals has held that we

need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* at 826-27.

## INDEPENDENT REVIEW

We have determined that this appeal is wholly frivolous. After carefully reviewing the record, counsel's brief, Appellant's *pro se* brief, and the State's response, we agree with counsel's conclusion that no arguable issues support the appeal. *See Schulman*, 252 S.W.3d at 409 (a reviewing court must conduct its own independent examination of the record when counsel files an *Anders* brief to ascertain arguable grounds for an appeal). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

## MOTION TO WITHDRAW

Finding Appellant's counsel has substantially complied with the requirements of *Anders* and *Kelly,* we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20. However, we note counsel's motion to withdraw fails to mention whether he informed McCain of his right to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous. *See Kelly*, 436 S.W.3d at 318–20; *Ex Parte Owens*, 206 S.W.3d 670, 674 n.28 (Tex.Crim.App. 2006); *Meza v. State*, 206 S.W.3d 684, 689 n.23 (Tex.Crim.App. 2006).

Therefore, within five days of the date of this Court's opinion, counsel is ordered to send

3

a copy of this opinion and this Court's judgment to McCain and to advise him of his right to file a petition for discretionary review. *See* TEX.R.APP.P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Owens*, 206 S.W.3d at 673.

No substitute counsel will be appointed. Should McCain wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this Court. *See* TEX.R.APP.P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX.R.APP.P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP.P. 68.4.

## CONCLUSION

We affirm the trial court's judgment.

June 29, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)